EASTERN DIST.

*April,* 1840.

ALLARD
*vs.*
DE BROT ET AL.

---

ALLARD *vs.* DE BROT ; MERLE & CO., GARNISHEES.

APPEAL FROM THE COURT FOR THE FIRST DISTRICT.

Garnishees may show, when called on to pay, that the defendant, sued as absent, was in fact dead, at or before the institution of suit, and that, consequently, a payment by the garnishees would not be valid.

This is an action against the payee and first endorser of a promissory note, who is alleged to be absent ; and an attorney was appointed to defendant, and the firm of J. A. Merle & Co. cited as garnishees. The plaintiff proceeded to judgment against the defendant.

On being interrogated, Merle & Co. admitted they owed the defendant a certain sum ; but in answer to a rule taken by the plaintiff on them to pay over this sum in satisfaction of his judgment against the defendant, they say that the defendant was dead at the time of instituting this suit, and that they verily believe the plaintiff knew of this fact before judgment, and that they are not bound to pay over the funds in their hands on such a judgment. The rule was made absolute, and the garnishees condemned to pay over the money. They appealed.

*Denis* and *Labarre,* for the plaintiff and appellee.

*Soulé,* for the appellants.

EASTERN DIST.     *Bullard, J.*, delivered the opinion of the court.
*April*, 1840.
                  The plaintiff after having recovered a judgment against
ALLARD           his absent debtor, took a rule upon the garnishees to show
vs.
DE BROT ET AL.   cause why they should not pay into the hands of the sheriff
                 the sum which they acknowledge themselves indebted to the
                 absentee.   The garnishees show for cause, that prior to the
                 institution of this suit, De Brot, the defendant, died ; and
                 they, the said garnishees, were informed of his death about
                 the 5th February, by a letter from his executors, dated the
                 29th January, 1839.   They further aver, that they believe
                 the plaintiff was fully informed of the death of said De Brot,
                 long before the judgment in this case was rendered.

                 On the trial of the rule, the appellants, J. A. Merle & Co.,
                 offered testimony to establish the facts set forth in their
                 answer, but the court refused to allow such evidence to be
                 introduced, and a bill of exceptions was taken.

Garnishees          We are of opinion the court erred.   No judgment had been
may show, when
called on to pay, pronounced against the garnishees, and if it be true that the
that the defend-
ant, sued as ab- defendant was dead before the institution of the suit, to the
sent, was, in fact, knowledge of the plaintiff, such judgment could give him no
dead, at or be-
fore the institu- rights of preference over other creditors of the deceased, and
tion of suit, and
that, consequent- a payment by the garnishees would not be a valid payment.
ly, a payment by For their own protection the garnishees have a right to
the garnishees
would not be institute such an inquiry.
valid.

                 The judgment of the District Court, upon the rule, is,
                 therefore, reversed, with costs, and the case remanded for a
                 new trial, with directions to the court not to refuse legal
                 evidence to establish the facts alleged by the garnishees in
                 their answer to the rule.